This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38282**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**TANNIS E. ELMORE,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Douglas R. Driggers, District Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**IVES, Judge.**

**{1}**　　Defendant Tannis E. Elmore appeals the denial of her motion to suppress, having reserved the right to appeal the ruling in her conditional plea for possession of a controlled substance. On appeal, Defendant argues that the district court erred in denying her motion to suppress because the inventory search of her vehicle was invalid under both the Fourth Amendment of the United States Constitution and Article II,

Section 10 of the New Mexico Constitution. Because Defendant did not preserve this argument by presenting it to the district court and because we lack an adequate evidentiary record to address the merits of the argument, we affirm.

**{2}**     Defendant moved to suppress evidence seized from a vehicle following her arrest, arguing that she was detained illegally under the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution. In the motion, Defendant challenged her detention and the subsequent search of her vehicle for two reasons: (1) the arresting officer's articulated basis for detaining Defendant was pretextual, and (2) it was unconstitutional to detain her for identification purposes. On appeal, however, Defendant raises an issue that was not included in her motion to suppress: the illegality of the inventory search. Defendant therefore failed to adequately preserve that issue under Rule 12-321(A) NMRA. This failure undermined at least two of the primary purposes of the preservation rule: "allow[ing] the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim" and "creat[ing] a record sufficient to allow this Court to make an informed decision regarding the contested issue." *Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078, ¶ 50, 146 N.M. 698, 213 P.3d 1127. The State did not have an opportunity to present evidence pertinent to the constitutionality of the inventory search, and we do not have a record that suffices to allow us to address the merits of Defendant's challenge to the search.[1]

**{3}**     Defendant argues that the issue falls under an exception to the preservation rule because it concerns her "fundamental rights and the general public interest to be free from illicit search and seizures." Under Rule 12-321(B), we "may exercise [our] discretion" to review unpreserved issues that fall into the categories identified by Defendant. *See State v. Vargas*, 2017-NMSC-029, ¶ 14, 404 P.3d 416. Here, we decline to exercise our discretion because it would be unfair to the State to reverse the suppression ruling given that the State did not have the opportunity to present evidence regarding the inventory search, and because the record does not include sufficient evidence regarding the inventory search to allow us to engage in the fact-intensive analysis that is required by New Mexico precedent. *See State v. Davis*, 2018-NMSC-001, ¶ 12, 408 P.3d 576 (describing the elements that constitute a valid inventory search).

## CONCLUSION

**{4}**     We affirm.

---

1Defense counsel mentioned the legality of the inventory search only once—after the presentation of evidence at the hearing on the motion to suppress, faulting the State for not presenting evidence regarding the inventory search. However, Defendant's arguments for suppression before the presentation of evidence pertained only to the constitutionality of Defendant's detention. These arguments did not put the State on notice that the constitutionality of the inventory search would be at issue during the hearing. The defense's approach deprived the State of the opportunity to present evidence pertinent to inventory search, and, consequently, the record does not include such evidence. This approach undermines the purposes of the preservation rule.

**{5}** IT IS SO ORDERED.

ZACHARY A. IVES, Judge

WE CONCUR:

MEGAN P. DUFFY, Judge

SHAMMARA H. HENDERSON, Judge